IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP HATTABAUGH, Individually and on Behalf of All Others Similarly Situated,<br><br>    **Plaintiff**<br><br>v.<br><br>**TMS INTERNATIONAL, LLC**<br><br>    **Defendant** | Civil Action No. 2:20-cv-801 |

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Philip Hattabaugh ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action against Defendant TMS International, LLC ("Defendant"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a hybrid class and collective action brought by Plaintiff, individually and on behalf of other hourly employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff and other salaried supervisors an overtime premium for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Pennsylvania has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. Defendant conducts business within the State of Pennsylvania and maintains its global headquarters in Pittsburgh.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Pennsylvania has personal jurisdiction over Defendant, and Defendant therefore "resides" in Pennsylvania.

9. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

10. Plaintiff is a citizen and resident of Sebastian County, Arkansas.

11. Defendant is a foreign limited liability company, registered to do business in Pennsylvania.

12. Defendant's registered agent for service is United Agent Group, Inc., at 609 SW 8th Street #600, Bentonville, Arkansas 72712.

13. Defendant maintains a website at https://www.tmsinternational.com/.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

17. Defendant contracts with steel companies to remove and process the slag, including removing the steel from the slag and selling it back to the steel companies.

18. Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

19. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

20. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly employee.

21. Specifically, Plaintiff worked for Defendant as an hourly pit operator from around August of 2017 until May of 2020.

22. As a pit operator, Plaintiff was primarily responsible for removing slag from beneath the furnace and hauling it away.

23. In addition to his hourly wage, Plaintiff received quarterly bonuses based on production.

24. Upon information and belief, all or most hourly employees who worked on-site receive production bonuses.

25. These production bonuses are nondiscretionary and are based on performance.

26. Defendant directly hired Plaintiff and other hourly employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. Plaintiff and other hourly-paid workers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

28. Defendant paid Plaintiff and other hourly-paid workers one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

29. However, Defendant did not include the bonuses that were paid to Plaintiff and other hourly-paid workers in their regular rates when calculating their overtime pay.

30. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as non-discretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

31. Defendant violated the FLSA and AMWA by not including all forms of compensation, such the non-discretionary bonuses of Plaintiff and other hourly-paid workers, in their regular rate when calculating their overtime pay.

32. Defendant's pay practices were the same for all hourly workers who received bonuses.

33. Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

34. Plaintiff regularly worked between approximately fifteen and twenty hours per week which went unrecorded and uncompensated.

35. Plaintiff clocked in for all hours worked, but Defendant regularly shaved his hours to keep his hours at or around sixty hours per week.

36. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly employees violated the FLSA and AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Collective

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

38. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39. Plaintiff brings his FLSA claims on behalf of all hourly employees who received production bonuses employed by Defendant at any time within the applicable

statute of limitations period, who were classified by Defendant as exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

 A. Proper payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

 B. Liquidated damages; and

 C. Attorneys' fees and costs.

40. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file his written Consent to Join this lawsuit.

41. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

42. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

 A. They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

 B. They were paid an hourly wage;

 C. They received production bonuses;

 D. They worked over forty hours in at least one week during the relevant time period; and

 E. They were subject to Defendant's common policy of denying lawful pay for all hours worked, including overtime pay for hours worked over forty (40) per work week.

43. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds fifty (50) persons.

44. Defendant can readily identify the members of the Section 16(b) Collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA Rule 23 Class

45. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

46. Plaintiff proposes to represent the class of salaried Supervisors who are/were employed by Defendant within the relevant time period within the State of Arkansas.

47. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

48. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other

available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

49. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

50. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 40 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

51. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

52. Concentrating the litigation in this forum is highly desirable because Defendant is based in the Western District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

53. No difficulties are likely to be encountered in the management of this class action.

54. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as a salaried employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

55. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

56. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

57. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.  FIRST CLAIM FOR RELIEF

**(Individual Claim for Violation of FLSA)**

58. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

59. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

60. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

61. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff in his regular rate when calculating his overtime pay.

62. Defendant failed to pay Plaintiff for all hours worked.

63. Defendant failed to pay Plaintiff an overtime rate of one and one-half times their regular rate for all hours worked in excess of forty hours per week.

64. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate

### VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

68. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

69. Plaintiff asserts this claim on behalf of all hourly workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

70. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

71. 29 U.S.C. § 207 requires employers to pay employees one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

72. Defendant failed to pay Plaintiff and those similarly situated one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

73. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as non-discretionary bonuses paid to Plaintiffs and those similarly situated, in their regular rate when calculating their overtime pay.

74. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

> **All hourly employees in the past three years who earned a bonus in connection with work performed in any week in which they worked over forty hours.**

75. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

76. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

78. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

79. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

80. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

81. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

82. Defendant failed to pay Plaintiff for all hours worked.

83. Defendant failed to pay Plaintiff overtime wages for hours worked over forty (40) in a given week as required under the AMWA, despite his entitlement thereto.

84. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

85. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee

provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

86. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### IX. FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

87. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

88. Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

89. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

90. Defendant failed to pay Plaintiff and members of the proposed class all overtime wages for hours worked over forty (40) in a given week as required under the AMWA, despite their entitlement thereto.

91. Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

> **All Arkansas hourly employees in the past three years**
> **who earned a bonus in connection with work performed**
> **in any week in which they worked over forty hours.**

92. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

**Page 13 of 15**
**Philip Hattabaugh, et al. v. TMS International, LLC**
**U.S.D.C. (W.D. Penn.) Case No. _____**
**Original Complaint—Class and Collective Action**

93. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

94. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.　　PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Philip Hattabaugh, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for the following relief:

A. That Defendant be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

B. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act and attendant regulations;

C. A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act and the related regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid regular and overtime compensation under the Fair Labor Standards Act and attendant regulations;

F.    Judgment for damages for all unpaid regular and overtime compensation under the Arkansas Minimum Wage Act and the related regulations;

G.    Judgment for liquidated damages pursuant to the Fair Labor Standards Act and attendant regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

H.    Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act and the relating regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

I.    An order directing Defendant to pay Plaintiff and members of the collective and class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PHILIP HATTABAUGH, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*PHV Pending*